**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **Cara Williams, Johnita Slaughter, Mandre Miller, James Collier, Teresa Jones, Chance Kenyon and Anthony Williams**, individually and on behalf of a putative class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**Wells Fargo Bank, N.A.**,<br><br>Defendant. | Case No. 4:15-cv-000038<br><br>**Defendant's Pre-Answer Motion to Dismiss or, in the Alternative, to Strike Plaintiffs' Class Allegations**<br><br>**(Oral Argument Requested)** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Wells Fargo Bank, N.A. ("*Wells Fargo*" or "*Defendant*") moves to dismiss this case for failure to state a claim upon which relief can be granted, or in the alternative, pursuant to Fed. R. Civ. P. 8, 12(f), 23(c), and 23(d)(1)(D), moves to strike Plaintiffs' class allegations.

In support of its Motion, Wells Fargo states:

*Motion to Dismiss*

1.  On October 24, 2014, Plaintiffs James Collier, Teresa Jones, Chance Kenyon and Anthony Williams filed their Petition and Jury Demand against Wells Fargo in the Iowa District Court for Polk County. Those plaintiffs asserted claims on behalf of themselves and unidentified "similarly situated individuals" for alleged violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("*Title VII*"). *See* Court Document No. 1-1, at p. 1-14.

2.  On November 5, 2014, Plaintiffs Cara Williams, Johnita Slaughter, Mandre Miller, James Collier, Teresa Jones, Chance Kenyon and Anthony Williams filed an Amended

Petition and Jury Demand alleging claims on behalf of themselves and unidentified "similarly situated individuals" for alleged violations of Title VII.  *See id.* at p. 15-38.

3. Plaintiffs served their Amended Petition on Defendant's registered agent on January 6, 2015, and Defendant timely filed its notice of removal on February 5, 2015.  *See* Court Document No. 1.

4. This Court holds personal jurisdiction over each party, federal question subject matter jurisdiction over Plaintiffs' Title VII claims, and diversity jurisdiction due to the citizenship of the parties and the amount in controversy.  *Id.*

5. Each of the seven named Plaintiffs claims that Wells Fargo wrongfully terminated his or her employment because it relied on criminal conviction data in violation of Title VII. According to Plaintiffs' Amended Petition, Wells Fargo's use of their criminal conviction data and the criminal conviction data of other applicants or employees disparately impacts minority workers and results in disparate treatment of them.

6. Based on the facts alleged in the Amended Petition, accepted as true for purposes of this motion, and the application of federal law, Plaintiffs' Amended Petition fails to state a claim for relief that is plausible on its face.

7. The context of this case makes clear that at the time Plaintiffs were discharged, Wells Fargo was an FDIC-insured depository institution, and that as a matter of law, Plaintiffs were not qualified to work for Wells Fargo due to their criminal conviction records, the statutory prohibitions of 12 U.S.C. § 1829, and Plaintiffs' lack of advance FDIC approval for federal depository institution employment.

8. Congress, not Wells Fargo, promulgated 12 U.S.C. § 1829, and it, not Wells Fargo, established any "policy" assailed by Plaintiffs through their lawsuit.

9. Moreover, the business necessity of Wells Fargo's compliance with 12 U.S.C. § 1829 rests beyond dispute, particularly in light of the significant penalties imposed by that statute.

10. Title VII provides "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.

11. Alleged omissions such as failing to give notices and failing to sponsor FDIC waivers do not fit into the common sense meaning of Title VII's terms and, as a matter of law, do not constitute an adverse employment action sufficient to support a Title VII claim.

12. Even after giving Plaintiffs all reasonable inferences, their Amended Petition fails to state a claim upon which relief may be granted and Wells Fargo is entitled to complete dismissal as a matter of law.

13. Accordingly, this Court should dismiss Plaintiffs' lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

*Alternative Motion to Strike Plaintiffs' Class Allegations*

14. Alternatively, the class action allegations of Plaintiffs' Amended Petition should be stricken pursuant to Fed. R. Civ. P. 8, 12(f), 23(c), and 23(d)(1)(D).

15. Plaintiffs position their lawsuit as a class action and seek to represent:

   A. "[A] putative class of minority employees and applicants who were negatively affected by Wells Fargo's use of non-job related criminal history screenings."  Am. Pet. ¶13.

   B. "[A] putative class of minority applicants who were affected by Wells Fargo's use of criminal background screenings."  Am. Pet. ¶195.

   C. "[A] putative class of minority workers affected by Wells Fargo's pattern-or-practice of allowing hiring supervisors to exercise

>discretion in their use of criminal background screenings in the hiring process." Am. Pet. ¶206.

16. Plaintiffs' Amended Petition fails to plead the essential elements required for certification of a class under Fed. R. Civ. P. 23 and their putative class allegations do not satisfy the pleading standards required under Fed. R. Civ. P. 8.

17. Additionally, Plaintiffs' class claims fail as a matter of law because, among other things, application of 12 U.S.C. § 1829 and the related termination of each Plaintiff's employment depended on facts unique to him or her as an existing employee and his or her particular criminal convictions. The face of the Amended Petition further shows that the facts related to Plaintiffs vary from each other and the individualized criminal conviction circumstances and facts applicable to each unsuccessful applicant or each former employee discharged by Wells Fargo who Plaintiffs seek to represent.

18. Thus, no commonality exists as a matter of law.

19. Plaintiffs also have failed to plead an ascertainable class.

20. Lastly, the disparate impact and treatment claims Plaintiffs presently assert in their Amended Petition require multiple individualized inquiries and answers.

21. Accordingly, under Fed. R. Civ. P. 8, 12(f), 23(c), and 23(d)(1)(D), this Court should dismiss or strike the class allegations of the Petition.

*Additional Matters Common to the Alternative Motions*

22. Wells Fargo incorporates by this reference Defendant's Brief in Support of Its Pre-Answer Motion to Dismiss or, in the Alternative, to Strike Plaintiffs' Class Allegations filed contemporaneously with this motion pursuant to L.R. 7(d).

23. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Wells Fargo will defer filing any Answer and Affirmative Defenses until after the Court rules on this Pre-Answer Motion to Dismiss or, in the Alternative, to Strike Plaintiffs' Class Allegations, unless the Court orders otherwise.

24. Wells Fargo requests that the Court grant it 14 days to file its Answer and Affirmative Defenses to those portions of the Amended Petition remaining, if any, after the Court's ruling on this motion.

25. Good cause exists for oral argument on Defendant's Pre-Answer Motion to Dismiss or, in the Alternative, to Strike Plaintiffs' Class Allegations, in part because such presentation will assist the parties and the Court in discussing the controlling law of Section 19 of the Federal Deposit Insurance Act, 12 U.S.C. § 1829(a)(1)(A), and its dispositive effect on the allegations and claims of the Plaintiffs.

26. Therefore, pursuant to L.R. 7(c), Wells Fargo requests the opportunity to be heard orally on its motion to dismiss, or in the alternative, to stay.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Amended Petition in its entirety and with prejudice—or alternatively, strike Plaintiffs' class allegations as outlined above—and award Defendant such other, further, or different relief it deems warranted and just.

Dated:  February 12, 2015.

**FAEGRE BAKER DANIELS LLP**

/s/ Michael A. Giudicessi
Michael A. Giudicessi, *Lead Counsel*
 michael.giudicessi@faegrebd.com
Emily S. Hildebrand Pontius
 emily.pontius@faegrebd.com
Britt L. Teply
 britt.teply@faegrebd.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8011
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.**

**Certificate of Service**

      The undersigned hereby certifies that a true copy of the foregoing **Defendant's Pre-Answer Motion to Dismiss or, in the Alternative, to Strike Plaintiffs' Class Allegations** was served upon the Plaintiffs through the Court's CM/ECF filing system on the 12th day of February, 2015.

                                                        /s/ Trisha Richey

Copy to:

Thomas A. Newkirk
  *tnewkirk@newkirklaw.com*
Leonard E. Bates
  *lbates@newkirklaw.com*

*Attorneys for Plaintiff*

US.55341268.01